## MECHANICS' LIEN LAW NOT DEFEATED BY INCONVIENCE IN ITS APPLICATION.

Common Pleas Court of Summit County.

### JOHN F. FISHER v. JOHN JACOBS ET AL.*

Decided, June 12, 1920.

*Mechanics Liens—Determination as to Who is the Owner within the Meaning of the Statute—Inconvenience in Enforcement of the Law may not be Relieved Against by a Court.*

1. The "owner" of property upon whom a copy of a mechani's lien must be served under Section 8315, General Code, comprehends the person owning the property at the time the first material was furnished or labor performel under the original contract for construction. Hence, subsequent purchasers of the property take it with notice of such rights.

2. Mere inconvenience in the application and enforcement of a law (Sections 8310, 8315, General Code, relating to mechanics' liens) is not sufficient reason to warrant a court in relieving against such inconvenience by judicial construction if the act clearly evinces the intention of the Legislature.

*May, Zesiger & May,* for plaintiff.

*Sieber, Snyder, Sieber & Amer,* and *Otis, Beery & Sheppard,* for defendants.

TREASH, J.

The decision of this cause turns upon the answer of the question who is the "owner" upon whom a copy of the lien must be served under the provisions of Section 8315 General Code, mechanics' lien law:

"Every person filing such affidavit, as provided in the preceding section, shall within thirty days after the filing thereof serve on the owner, part owner or lessee of such premises or his agent, a copy thereof, but if neither of such persons can be found within the county where such premises are situated, then such copy shall be served by posting the same in some conspicuous place on said premises within ten days after the expiration of said thirty days."

The facts as developed at the hearing of the case are substantially as follows: Plaintiff, under the terms of a contract, fur-

*See *Gill* v. *Konvisson et al,* 32 O. C. A., 542.

**506**     SUMMIT COUNTY COMMON PLEAS·

Fisher vs. Jacobs et al.     [Vol. 24 (N.S.)

nished material to the defendant Jacobs for building a house on Jacobs' premises, the first item being furnished March 14, 1917; subsequently Jacobs sold and deeded the premises in question to the defendants Kalman Kovacs and Terez Kovacs, the house at that time being apparently completed. On the same day the deed was duly filed for record with the county recorded, and the Kovacs took possession and resided therein continuously thereafter.

On July 17, 1917, and within the time limited by law, Fischer filed his affidavit for mechanic's lien, in which he stated Jacobs was the owner of the property, and within thirty days thereafter duly served on Jacobs a copy of the affidavit for lien. No copy was served on the Kovacs, who held the title, and were in possession of the property at the time of the filing of the mechanic's lien. The defendant, The XXth Century Heating & Ventilating Company, entered into a contract March 24, 1917, with defendant Jacobs for furnishing and installing a furnace in the same property, the last item of which was completed December 12, 1917. The heating company duly filed its lien, naming Jacobs as the owner, and within thirty days thereafter served both Jacobs and the Kovacs with copies of the lien.

Kovacs claim they paid full price for the property to Jacobs without knowledge of, or deduction for, the lien claims, and that plaintiff's lien is null and void because no copy of the lien was served upon them as owners, as provided in Section 8315, G. C.

Does the "owner" referred to in this action, mean the owner at the time the first work and material was furnished, or does it mean the owner at the time the lien was filed? If the former, then Jacobs was the owner, and Fisher's lien is good, but if the latter, then it is void, as no copy admittedly was served upon Kovacs.

It is urged that the possession and record title of the Kovacs was notice to all the world of their ownership, and that they alone were interested further in the property, and no rights could be secured thereunder adverse to their interest without due notice, and that no other person had any right of ownership in the property that could possibly be referred to in the statute as the owner. In other words the "owner" referred to in the stat-

ute was the person vested with the dominion and title of the property at the time the affidavit for lien was filed. Numerous decisions from the courts of other states are cited to support this contention, but there seems to be none reported in Ohio upon the subject.

By a primary rule of construction, the intention of the Legislature must be ascertained in the first instance from the language used in the statute. If that language is clear and unambiguous, the courts have no power to change it. *State* v. *Industrial Commission.* 92 Ohio St., 434, 443; 111 N. E. 299; 1917D Ann. Cas., 1162.

If that meaning can not be clearly ascertained from the language of the statute itself, then those sections which deal with the same subject matter should be examined and considered together in order to harmonize, if possible, the meaning of like or similar terms used therein. *State* v. *Spiegel,* 91 Ohio St., 13; 109 N. E. 523.

Formerly a mechanic's lien was considered as a right *in personam* and not *in rem,* and the Supreme Court in the case of *Palmer* v. *Tingle,* 55 Ohio St., 423, declared a mechani's lien law unconstitutional and void which gave to subcontractors who had no personal contractual relation with the owner the right to file liens directly against his property, but by Article II, Section 33, of the Constitution as amended in 1912, a mechanic's lien has been made a right *in rem* and not *in personam.*

"Laws may be passed to secure to mechanics, artisans, laborers, sub-contractors and material men, their just dues by direct liens upon the property, upon which they have bestowed labor or for which they have furnished material. No other provision of the Constitution shall impair or limit this power."

In pursuance to this constitutional provision the present mechanics' lien laws were enacted, and they must be construed with reference to and in the light of the express purpose of the people as set forth in this amendment to the Constitution. The mechanics' lien laws must, therefore, be construed as granting the right attached to property and not to the person.

The purpose of the amendment was to make it possible to fasten upon the property a lien for the labor and material used in the

508    SUMMIT COUNTY COMMON PLEAS.

Fisher vs. Jacobs et al.    . [Vol. 24 (N.S.)

improvement of the property, The Legislature, in pursuance to that purpose enacted the present mechanics lien law, which for conveniences has been divided into numerous sections. In accordance with the well recognized rule that sections dealing with the same subject matter must be considered together, we must look to the use of the term "owner" in these various sections.

Section 8310 General Code is as follows:

"Every person who * * * furnishes * * * material * * * for erecting * * a house * * * shall have a lien to secure the payment thereof upon * * *such house * * * and upon the interest * * * of the owner * * * in the * * * land upon which they must stand * * * to the extent of the right, title or interest of the owner * * * *at the time* * * *materials were begun to be furnished by the contractor under the original contract, and also to the extent of any subsequent acquirel interest of such owner,* * * *.*"*

It clearly appears from this section that the "owner" referred to in this section is the owner at the time the materials were begun to be furnished by the contractor under the original contract, or the labor was performed. This is the original section which defines the persons entitled to and the property to which the lien shall attach, and where reference is made to the owner in subsequent sectios, it is reasonable to asume that the same owner referred to in this section is meant unless there is a dicerent intention manifest in such subeequent sections.

The subsequent sections are in harmony with this definition of the word "owner," and the language of some of them adds. additional weight to the definition.

The form of the affidavit which the original contractor must furnish to the owner before demanding payment is contained in the body of Section 8312 and that part of it referring to the owner is as follows:

"Situated on or around or in front of the following described property: * * * whereof * * * *was the owner,* part owner or lessee."

If any other owner besides the owner at the time the material was first furished was referred to, the present tense rather than the past tense would have been used in referring to such owner.

The form of affidavit for mechani's lien as set forth in Section 8314, further defines the owner as the owner with whom the original contract was made, and leaves a blank space in which the name of the owner, who either is still the owner, or was the owner, is to be inserted, as follows:

"State of Ohio, Summit County, ss:

"A. B. of ................. being first duly sworn, says that he furnished certain labor (machinery, material or fuel) in and for constructing (altering, erecting, improving, repairing, removing, digging or drilling, as the case may be), a certain ......... situated on the land hereinafter described, in pursuance of a certain contract, with C. D., the owner (part owner or lessee, contractor, subcontractor, or other person, as the case may be). The last of such labor was performed (or machiery, material or fuel furnished or both) on the ............day of ........... 19..., and there is justly and truly due deponent therefor from the said C. D., over and above all legal set-offs, the sum of .................Dollars, for which amount deponent claims a lien on said land (or building or leasehold) *of which* * * * .................*is or was the owner,* (part owner or lessee, as the case may be), which premises are described a follows:......

A. B."

"Sworn to before me and subscribed in my presence this .... day of ................, 1923.

...................."

As further evidence that the Legislature intended the original owner to be the person with whom subsequent dealings would be had, is the fact that it provided a penalty for a failure of the owner to allow copies of statements and notices served upon him to be made by persons interest therein, as provided in Section 8320. Section 8321 specifies that the several liens provided for in this act shall be liens from the date the first labor is performed or material furnished by the contractor under the original contract.

Therefore, the person against whom the lien must be filed and upon whom a copy must be served, as provided in Sections 8310 and 8315, General Code, is the owner at the time the first material was furnished or labor performed under the original contract, and any subsequent purchaser of the property must take it with notice of such right. The subsequent purchaser has the

opportunity and privilege of protecting himself adequately in making his contract with the purchaser, and if he does not see fit to do so, he acts at his peril and can not afterward complain.

Definiteness and certainty as to the procedure in perfecting a lien must be lodged some place, and the Legislature, acting within the power delegated to it by the Constitution, has designated the manner and means by which property may be held for the improvements placed upon it, and we can not see how any greater hardship can come by requiring purchasers, subcontractors and materialmen to perfect their rights through the owner at the time the first labor is performed and the material furnished for the improvement of the property, than it is to require them to be continually examining the records and searching out the various changes in the title to the property. But even if it may be argued that there is greater hardship, still mere inconvenience in the application and enforcement of a statute is not sufficient reason to warrant a court in relieving such inconvenience in application of judicial construction where the meaning is clear from the act itself. That is properly a matter for the Legislature. *State* v. *Bushnell*, 95 Ohio St., 203 (116 N. E. 464).

The liens filed herein were filed in accordance with the statute, and a decree for their enforcement may be drawn accordingly.